UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DANIEL FINOCCHIARO, ERIC MITCHELL,
RICHARD SELBY, YONG HOE TAN,
DAVID COPELAND, DEAN BERGER,
JULIAN BOURDAILLET, CAMILLA HEMPLEMAN,
TERRY HEMPLEMAN, EVAN LITTLE,
HAKIM KABIR

            Plaintiffs,

    - against -

NQ MOBILE, INC., OMAR SHARIF KHAN,
MATTHEW MATHISON,

           Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**

15 Civ. 6385 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Daniel Finocchiaro ("Finocchiaro") has moved to be appointed lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, and for appointment of the Law Offices of Sterling L. Deramus ("Deramus Law"), and Gentle, Turner, Sexton & Harbison, LLC ("Gentle, Turner") as co-lead counsel. This is an action for securities fraud brought on behalf of a purported class of investors in defendant NQ Mobile, Inc. ("NQ Mobile") who claim to have sustained losses as a result of fraudulent misrepresentations and omissions made by defendants in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5 promulgated

1

thereunder.[1]  Defendants oppose both of Finocchiaro's motions. Although no other plaintiffs filed motions to be appointed lead plaintiff or objected to Finocchiaro's motions, the reply brief filed in support of Finocchiaro's motions states that at least five of the other named plaintiffs are available as alternative lead plaintiffs if Finocchiaro is deemed unfit to serve as lead plaintiff.

For the following reasons, Finocchiaro's motion to be appointed lead plaintiff is denied, as is his motion to appoint co-lead counsel.  As explained below, these denials are without prejudice to an application by proposed alternative lead plaintiffs to be appointed lead plaintiff and to have lead counsel appointed.

## DISCUSSION

1. **Motion for Appointment of Lead Plaintiff**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the appointment of a lead plaintiff and lead plaintiff's counsel in any "private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1),

---

[1] Other securities class actions were brought in this district against NQ Mobile, its executives, and others that Plaintiffs claim are "entirely separate and apart from" the allegations in this lawsuit.  Third Am. Compl. ¶ 4; see also In re NQ Mobile, Inc. Sec. Litig., No. 13-CV-7608-WHP (S.D.N.Y. filed Oct. 28, 2013).

(3). The PSLRA contains the following notice requirement relating to the appointment of lead plaintiff:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).  Following the publication of such notice and the close of the period for motions to be appointed lead plaintiff, the court "shall appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members," known as the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).

A plaintiff is entitled to a presumption that it is the most adequate plaintiff if it (i) has brought the motion for lead counsel in response to the publication of notice; (ii) has the "largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  An investor who seeks to be appointed lead

3

plaintiff only needs to make a preliminary showing that it satisfies the requirements of Fed. R. Civ. P. 23.  Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001).  See also In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001) (noting that "[t]he initial inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").  The presumption of adequacy may be rebutted if it is shown that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to "unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Defendants attack Finocchiaro's motions on numerous grounds.  Although not raised by Finocchiaro, the threshold issue is whether defendants have standing to challenge the designation of lead plaintiff.

The PSLRA provides that, in appointing a lead plaintiff, "the court shall consider any motion made by a purported class member in response to the notice," 15 U.S.C. § 78u-4(a)(3)(B)(i), and that the presumption that a plaintiff is the most adequate plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In the Southern District of New York, however, several courts have held that defendants do have standing to be heard during the

4

appointment process.  See City of Pontiac Gen. Empls.' Ret. Sys. v. Lockheed Martin Corp., 844 F. Supp. 2d 498, 501 (S.D.N.Y. 2012); Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., 229 F.R.D. 395 (S.D.N.Y. 2004); King v. Livent, Inc., 36 F. Supp. 2d 187, 190 (S.D.N.Y. 1999).  In King, Judge Sweet observed that "permitting defendants to make a limited facial challenge to a plaintiff's motion for appointment of lead plaintiff does not disrupt the statutory framework Congress set forth," and that "a therapeutic appointment process such as is envisaged by the PSLRA will work better with more information than less."  36 F. Supp. 2d at 190, 191 (internal quotation marks omitted).  Moreover, "[w]hen . . . there are no other potential lead plaintiffs to challenge a moving party," reliance on defendants to ensure that the requirements of the PSLRA are satisfied may be particularly justified.  Id. at 190.

We agree with the reasoning of Judge Sweet and find that, in the absence of a challenge by any plaintiff, defendants certainly have standing: whether such standing is viewed as formal or not, this Court welcomes submissions that inform its decision.

Turning to defendants' substantive arguments, defendants first dispute the sufficiency of the notice published by plaintiffs' counsel, arguing that the notice (1) provided the wrong deadline by which motions to serve as lead plaintiff were due and (2) did not appear to have been designed to apprise potential class

5

members of the action since the notice "was published in a single issue of the Wall Street Journal's print edition, in a small text box at the bottom corner of a page in the Money & Investing section, in extremely small font."  Opp. at 10-11.

The notice was published by plaintiff's counsel on March 23, 2016 and stated that the deadline for moving to be appointed lead plaintiff was May 21, 2016 – a Saturday, 59 days after March 23. As plaintiffs' counsel points out, by operation of law, the actual deadline was Monday, May 23, 2016 (the first weekday after Sunday, May 22, 2016).  The error as to the date of the deadline was therefore harmless and immaterial.  As to defendants' other argument, the PSLRA requires that the notice "be published . . . in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i).  The Wall Street Journal is "a widely circulated national business-oriented publication," and courts have found that a single notice published in Investor's Business Daily suffices under the statute, see, e.g., Marsden v. Select Med. Corp., No. Civ.A.04-4020, 2005 WL 113128, at *5 (E.D. Pa. Jan. 18, 2005); Seamans v. Aid Auto Stores, Inc., No. 98-CV-7395(DRH), 2000 WL 33769023, at *4 (E.D.N.Y. Feb. 15, 2000).  Although notice via an electronic service such as Business Wire may have been a preferable alternative or addition, we find, with some reluctance, that the publication in the Wall Street Journal is sufficient under the statute.  While small, it contained

the information required by statute and appeared in the "Legal Notices" section.

Defendants next argue that Finocchiaro's motion for appointment as lead plaintiff was untimely. Finocchiaro's motion was filed on May 24, 2016, one day after the 60-day deadline, and his counsel faxed a notice to the Court in the early hours of May 24 stating that counsel had repeatedly tried to file the brief on May 23 but had experienced technical problems. While Finocchiaro's May 24 filing was rejected on May 26, the rejection was for a minor technical error, and Finocchiaro's counsel re-filed the motion on May 27. Unlike in In re NYSE Specialists Securities Litigation, where the motions were filed "years" after the deadline, 240 F.R.D. 128, 143 (S.D.N.Y. 2007), Finocchiaro substantially complied with the deadline, and we deem his motion timely.[2]

Defendants are correct, however, that Finocchiaro cannot adequately represent the class.[3] Defendants have submitted evidence – the authenticity of which Finocchiaro does not dispute – that Finocchiaro sent highly profane, aggressive emails to NQ

---

[2] As discussed below, the Court believes Finocchiaro cannot adequately represent the class, and therefore will not appoint him lead plaintiff. However, Finocchiaro, through his counsel (who also represent the other named plaintiffs), has stated in his reply brief that other named plaintiffs are available to serve as lead plaintiff. The Court will allow these other named plaintiffs to move to be appointed lead plaintiff, and will deem their motions to relate back to the filing of Finocchiaro's motion, making them timely.
[3] Defendants also question whether Finocchiaro indeed has, as he claims, the largest financial interest in the relief sought by the class. Opp. at 13. We assume for purposes of this opinion that Finocchiaro does have the largest financial interest.

Mobile executives, including defendants Khan and Mathison, and made retaliatory statements and promises such as "I'd pay every dollar I have left to see your faces when your kids see you behind the glass [in jail]," "I vow to take all your asses down one way or another," and "Call me nasty, call me irrational, I could care less, but when it comes to my life being ruined by clowns, order takers, and those who believe they are above the law, I will go to the end of the earth to ensure you feel the pain you've inflicted on me."  Decl. of Def. Matthew Mathison in Opposition, Exs. C, E, G.  Finocchiaro also does not dispute defendants' claims that he published false information about NQ Mobile on a website he created and then sent the information to a Bloomberg reporter; that Finocchiaro tried to obtain material inside information about NQ Mobile; and that, after filing the complaint, he used a fake name and alias email address to communicate with NQ representatives.

While we make no finding about the ultimate veracity of the claims about NQ Mobile that Finocchiaro published, and while anger on the part of an investor who believes he has been defrauded is understandable, this undisputed conduct raises a serious risk that his animus toward the defendants would prevent him from acting in the class's best interests, see Kamerman v. Ockap Corp., 112 F.R.D. 195, 197 (S.D.N.Y. 1986) (plaintiff bringing securities claims could not adequately represent class where it was "conceivable" that his grudge against defendants "would override his amenability

to negotiating with defendants, although beneficial to the class"), as well as doubts about his credibility, see Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (plaintiff deemed unfit to represent class where his conduct created "serious concerns as to his credibility at any trial"). Accordingly, Finocchiaro is not an adequate class representative.

As noted, the reply brief states that at least five of the other named plaintiffs are available as alternative lead plaintiffs. Earlier in this litigation, these plaintiffs submitted sworn certifications pursuant to 15 U.S.C. § 78u-4(a)(2). If any of these other named plaintiffs wishes to move to be appointed lead plaintiff, she or he should do so within 30 days of this order, and the Court will consider the application. In that regard, we note the need for an updated certification referencing the Third Amended Complaint.

2. **Motion for Appointment of Co-Lead Counsel**

Defendants also argue that Deramus Law and Gentle, Turner should not be appointed lead counsel because they (1) have made numerous errors in this litigation that demonstrate an inability or unwillingness to comply with applicable rules, and (2) lack securities class action experience. Because the other named plaintiffs, one of whom may become the lead plaintiff, are represented by these same law firms, we will address this argument.

9

While plaintiffs' counsel has made several technical or procedural errors in this litigation, the Court does not find them to be disqualifying. Moreover, the declarations of Messrs. Deramus and Gentle reveal that they have some securities class action experience, extensive experience with class actions more generally, and other impressive legal credentials. Also relevant is the fact that no plaintiffs have proposed alternative lead counsel. However, the papers in support of Finocchiaro's motion do not explain why the appointment of two firms as co-lead counsel is justified. Such explanation is necessary since appointing multiple firms raises real risks of duplication of effort and unnecessary attorneys' fees. That said, we recognize that there may be reasons, not stated in the motion papers, for why both firms are needed. We therefore afford any plaintiff who moves to be appointed lead plaintiff in accordance with this Order an opportunity to explain why appointing these two firms as co-lead counsel would be warranted. We also urge plaintiffs' counsel to be more careful to respect procedures and proofread its submissions, which have contained too many typos and confusing sentences.

## **CONCLUSION**

For the foregoing reasons, Finocchiaro's motion to be appointed lead plaintiff is denied, and his motion to appoint co-lead counsel is also denied. These denials are without prejudice

to the application by other named plaintiffs for appointment as lead plaintiff and to seek appointment of lead counsel. Any other named plaintiffs who wish to move to be appointed lead plaintiff must do so within 30 days of this Order.

**SO ORDERED.**

Dated:   New York, New York
         December 1, 2016

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

11